UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 19-10059-RGS

UNITED STATES OF AMERICA

v.

DAVID ST. GEORGE

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO SUPPRESS

September 10, 2021

STEARNS, D.J.

Defendant David St. George is charged with distributing, receiving, and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and 18 U.S.C. § 2252(a)(5)(B) and (b)(2). St. George seeks to suppress physical evidence seized from his home on September 25, 2018, as well as the fruits of the searches of seized digital devices and media. No evidentiary hearing was requested, and St. George concedes that no such hearing is required. Resp. to Order (Dkt # 94) at 1. After reviewing the parties' briefs and the attached exhibits, the court will deny the motion to suppress.

## DISCUSSION

*(1) Reasonable Expectation of Privacy in Internet Protocol (IP) Address and Subscriber Information*

St. George argues that he had a reasonable expectation of privacy in his IP address and subscriber information. Mot. (Dkt # 53) at 4. However, as St. George acknowledges, this argument is foreclosed, as the First Circuit, shortly after the warrant at issue was executed, reached the opposite conclusion.[1] *See United States v. Morel*, 922 F.3d 1, 8 (1st Cir. 2019) ("IP address information of the kind and amount collected here – gathered from an internet company – simply does not give rise to the concerns identified in *Carpenter*."); *United States v. Hood*, 920 F.3d 87, 92 (1st Cir. 2019) ("Hood did not have a reasonable expectation of privacy in the information that the government acquired from Kik [an instant messaging mobile application] without a warrant."); *see also United States v. Soybel*, No. 19-1936, slip op. at 3 (7th Cir. Sept. 8, 2021) ("Soybel has no expectation of privacy in the captured [IP] routing information, any more than the numbers he might dial from a landline telephone.").

*(2) Reasonable Expectation of Privacy in Online Storage Account*

Next, St. George contends that he had a reasonable expectation of privacy in his online storage account hosted by Mega Limited, a New Zealand "cloud" data storage company. Mot. at 2, 9. Although the First Circuit found

---

[1] St. George advances this argument solely to preserve it for further review *en banc* or on *certiorari*.

that the defendant in *Morel* had no reasonable expectation of privacy in his online storage account, 922 F.3d at 10, St. George claims that *Morel* is distinguishable. Mot. at 10. The First Circuit in *Morel* noted that the defendant displayed the pornographic images in "public galleries" on the internet instead of choosing more secure alternatives or more robust password protection. 922 F.3d at 10. St. George avers that, unlike the defendant in *Morel*, he expected that the images and information he stored on his online storage account were private, as Mega promotes itself as a site with end-to-end encryption "where users may privately store and share their files." Mot. at 10, quoting Compl. (Dkt # 1-2) at 2 n.1.

However, as the government points out in its opposition, Gov't Opp'n (Dkt # 55) at 14, the First Circuit did not find in *Morel* that had the defendant taken additional steps to shield the images on his account his expectation of privacy would have been reasonable for Fourth Amendment purposes. To the contrary, the First Circuit noted that "even 'private' Imgur albums can be seen by anyone who had the corresponding URL; there is no way to prevent third parties from accessing and sharing the URL,"[2] particularly a person

---

[2] A URL, which stands for "uniform resource locator," is essentially a "nickname" for a website's IP address. Verisign, https://www.verisign.com/en_US/website-presence/online/what-is-a-url/index.xhtml (last visited Sept. 8, 2021). It "incorporates the domain name, along with other detailed

3

with the search skills (or luck) to ferret it out. *Morel*, 922 F.3d at 10. Such is the case here. United Kingdom police were able to access St. George's Mega storage account merely by using the account's corresponding URL. Mot. at 2; Gov't Opp'n at 14-15. Moreover, as in *Morel*, St. George has presented "no evidence that he had not shared the URLs" with other individuals. *Morel*, 922 F.3d at 10. Accordingly, St. George has not demonstrated that he had a reasonable expectation of privacy in his Mega storage account.

*(3) Particularity of the Search Warrant*

Finally, St. George challenges the validity of the search warrant, arguing that it was constitutionally overbroad. Specifically, St. George contends that the warrant lacked particularity in its description of the items to be seized, in violation of the Fourth Amendment. *See Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). To satisfy the particularity requirement, a warrant: "(1) must supply enough information to guide and control the executing agent's judgment in selecting where to search and what to seize, and (2) cannot be too broad in the sense that it includes items that

---

information, to create a complete address (or 'web address') to direct a browser to a specific page online called a web page." *Id.*

4

should not be seized." *United States v. Kuc*, 737 F.3d 129, 133 (1st Cir. 2013). St. George attacks the warrant's particularity on three fronts.

First, St. George contends that the warrant is overbroad because it identifies the statutory offense – 18 U.S.C. § 2252A – but "provides no limitation as to the date or range of dates to which it applies." Mot. at 14, citing *In re Application of Lafayette Academy*, 610 F.2d 1, 5 n.4 (1st Cir. 1979) (a list of documents related to a particular crime may be overbroad, as "efforts may also be required to narrow the documents by category, time periods and the like"). However, *Lafayette Academy* is readily distinguishable from the instant case. The warrant in *Lafayette Academy*, referencing a "very wide range of frauds and conspiracies," authorized the seizure of almost all papers and documents at the designated premises – a school. 610 F.2d at 3. Here, by contrast, both the statutory offense referenced (the child pornography statute) and the premises searched (St. George's residence) are far narrower and more targeted in scope. *See* Mot. Ex. A – St. George Warrant (Dkt # 53-1) at 4-5. As the government observes in its opposition, St. George cites no authority for the proposition that all

warrants to search for evidence of child pornography require a date range to be sufficiently particularized. Gov't Opp'n at 18. Thus, the claim fails.[3]

Second, St. George argues that the warrant's authorization to search for "evidence indicating the computer user's *state of mind* as it relates to the crime under investigation," Mot. Ex. A at 6 (emphasis added), provides no meaningful limitation and encourages the search of items for which there is no probable cause to suspect a crime. Mot. at 14. In response, the government states that, when read in context, there is nothing vague about this provision of the warrant, as it relates to the knowledge (*mens rea*) element of 18 U.S.C. § 2252A. Gov't Opp'n at 17, citing *United States v. Manafort*, 323 F. Supp. 3d 795, 803 (E.D.V.A. 2018) ("courts have rejected challenges to warrants that, as in the warrant here, broadly authorize seizure related to a defendant's state of mind").

As St. George observes, Reply (Dkt # 59) at 3, there is some tension in this court as it relates to the specificity of "state of mind" evidence. *Compare United States v. Tsarnaev*, 53 F. Supp. 3d 450, 455-457 (D. Mass. 2014) (denying challenge to warrant that authorized seizure of "[p]roperty,

---

[3] This is all the truer given the strenuous efforts undertaken by collectors of child pornography to preserve, curate, barter, and exchange their illicit caches of images. As the poignant testimony of survivors who were victimized as children illustrates, the images have no shelf-life but reside in perpetuity on the internet.

6

records, or information related to the state of mind and/or motive"), *with United States v. Scanzini*, 392 F. Supp. 3d 210, 223 (D. Mass. 2019) ("the use of the term 'state of mind' evidence is troubling, and it is far from clear whether the term is sufficiently specific to provide appropriate guidance to the executing agents").

However, St. George obfuscates the fact that the court in *Scanzini* did not determine whether the "state of mind" provision was overbroad and declined to suppress the "state of mind" evidence, because the evidence properly could have been seized under other provisions of the warrant. *See Scanzini*, 392 F. Supp. 3d at 223 ("in addition to the 'state of mind' provision, the agents could have seized the documents under the [sufficiently particularized] 'child erotica' provision of the warrant"). Indeed, "in cases where a search warrant is valid as to some items but not as to others, we have established that a court can admit the former while excluding the latter." *United States v. Morris*, 977 F.2d 677, 682 (1st Cir. 1992).

Here, rather than specifying which pieces of evidence were improperly seized under the "state of mind" provision of the warrant, St. George summarily asks the court to suppress all the evidence recovered during the execution of the warrant. Mot. at 14. Upon review of the inventory of the seized items, Mot. Ex. A at 9-12, it is clear that the warrant authorized the

7

seizure of a number of the contested items (including digital passports and storage, hard drives, electronic devices, and a binder containing contraband photographs) under alternative provisions of the warrant, including "[r]ecords and tangible objects pertaining to . . . child pornography and child erotica" and "computer hardware, computer software, computer-related documentation, or storage media . . . that might contain . . . evidence of who used, owned, or controlled the computer equipment." Mot. Ex. A at 5. Therefore, even assuming *arguendo* that the "state of mind" provision of the warrant was overbroad, the items nevertheless were properly seized under other, sufficiently particularized provisions of the warrant. *Morris*, 977 F.2d at 682.[4]

Third, St. George argues that the provision of the warrant authorizing the seizure of "all computer hardware, computer software, computer-related documentation, and storage media," Mot. Ex. A at 6, impermissibly

---

[4] Courts have long held that when police act pursuant to the valid portions of a warrant, no rational deterrent purpose is served by suppression of the items seized. *Commonwealth v. Labelle*, 15 Mass. App. Ct. 175, 181 (1982). *See United States v. Riggs*, 690 F.2d 298, 300-301 (1st Cir. 1982) (obscene films properly seized were admissible even though the seizure of other pornographic material was not authorized by the warrant); *United States v. Christine*, 687 F.2d 749, 759-760 (3d Cir. 1982) (while all records of a company suspected of arranging fraudulent home improvement loans were seized, only those relating to transactions for which there was no demonstrated probable cause should have been suppressed).

permitted the *search* of all his electronic devices "for anything, in any form, at any time." Mot. at 14-15.  However, as the government points out, this argument is premised on a misreading of the warrant.  Gov't Opp'n at 15. Although the challenged provision permits the *seizure* of all "computer hardware, computer software, computer-related documentation, and storage media," it clearly limits "[o]ff-site *searching* of these items" to records "that constitute evidence, fruits, or instrumentalities of 18 U.S.C. § 2252A."  Mot. Ex. A at 5-6 (emphasis added).  Accordingly, St. George's argument is unavailing.[5]

## ORDER

For the foregoing reasons, St. George's motion to suppress is DENIED. There being no further motions outstanding, the Clerk is instructed to set the case for trial.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[5] St. George also asserts that the evidence should be suppressed because the government failed to use a "filter team" to examine the computer data and segregate the files particularly described in the warrant.  Mot. at 15. As noted by the government, this is a policy argument, not a legal one.  Gov't Opp'n at 20.  St. George does not cite to any authority for the proposition that the Fourth Amendment compels the government to utilize a filter team to examine digital data and to segregate nonresponsive files seized pursuant to a warrant issued in a run-of-the mine child pornography case.

9